PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CORNELIO SANTIAGO, Defendant and Appellant.

No. 3174.   Argued June 15, 1927.—Decided July 12, 1927.

*Alemany & Ramírez* and *Ángel A. Vázquez* for the appellant.   *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The defendant was charged with the offense of carrying forbidden arms in that he carried a revolver on his person in Mayagüez on October 27, 1925, for the purpose of offense and defense, and with it bodily injury may be inflicted.

The evidence for the prosecution consisted of the testimony of four witnesses who positively stated that they saw the defendant in a fight on the date and at the place stated in the complaint and firing a revolver that he had in his hand.

The defendant alone testified in his defense. He said that he was assaulted on leaving the court and fell to the ground; that he got up and heard some shots that wounded him, "then, at that moment, while I was standing I do not know who put a revolver in my hands and I fired at the place whence the bullets came, without realizing, . . . ."

After the evidence was heard the court found the defendant guilty. He appealed from the judgment and contends in his brief that the court committed error because in his opinion what the evidence showed was not that he carried a revolver on his person, but that accidentally he made use of a revolver which another person placed in his hand in order to protect his life. In support of his contention he cites the case of *People* v. *Moll*, 28 P.R.R. 733.

In that case it was found from the evidence that in a tumult the defendant took the revolver from a person and fired it in order to summon the police who thereupon appeared immediately, and he returned the revolver to its owner. It was held that under the circumstances the defendant was not guilty.

But that does not mean that in every case similar to the one now submitted to our consideration it will be sufficient for the defendant to testify as he has in this case to compel the court to give credence to his testimony no matter how improbable it may be.

This is simply a matter of credibility. The court did not believe the defendant, and we do not see that it committed manifest error in acting as it did, for it is very unlikely that the facts occurred as related by the defendant as regards the placing of the revolver in his hands.

The judgment appealed from must be affirmed.